**NOT FOR PUBLICATION**

FEB 13 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO VASQUEZ CAMPOS, | No. 11-72163 |
| Petitioner, | Agency No. A088-110-329 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Gustavo Vasquez Campos, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and review de novo questions

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Vasquez Campos' motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture where he previously withdrew these applications before the immigration judge ("IJ") and failed to demonstrate that he sought relief based on circumstances that arose subsequent to his September 2009 hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi*, 597 F.3d at 987-90 (evidence of changed circumstances must be qualitatively different from what could have been presented at the prior hearing).

The BIA did not abuse its discretion in denying Vasquez Campos' motion to reopen to apply for suspension of deportation relief under *Lopez-Castellanos v. Gonzales*, 437 F.3d 848 (9th Cir. 2006), where he failed to establish prima facie eligibility for relief. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869-70 (9th Cir. 2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen.").

We lack jurisdiction over Vasquez Campos' challenge to the IJ's determination that his 1984 conviction was an aggravated felony because this petition for review is not timely as to the IJ's September 23, 2009, aggravated

2                                                                    11-72163

felony determination. *See Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**